JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

KAREN LEVINE

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Malamut & Associates, LLC, 457 Haddonfield Rd #500, Cherry Hill, NJ 08002 (856) 424-1808

## DEFENDANTS

PHILADELPHIA SCHOOL DISTRICT

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 7 of the Civil Rights Act of 1964 and The Age Discrimination In Employment Act

Brief description of cause:
Employment discrimination and retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
May 27, 2024

SIGNATURE OF ATTORNEY OF RECORD
/s/ Mark R. Natale

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Lincoln High School, 3201 Ryan Ave., Phiadelphia, PA 19136

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☒ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases:  *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KAREN LEVINE** | : | |
| | : | **Civil Action** |
| | : | **No.** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **SCHOOL DISTRICT OF** | : | |
| **PHILADELPHIA** | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendant** | : | |

## CIVIL ACTION COMPLAINT

1.      This is an action for the award of damages, declaratory and injunctive relief, attorneys' fees, and other relief on behalf of Plaintiff, Karen Levine. Plaintiff was an employee of Defendant, School District of Philadelphia, who has been harmed by the Defendant's discriminatory employment practices.

2.      This action arises under Title VII of the Civil Rights Act of 1964, as amended, Pub. L. 88-352 (Title VII), the Pennsylvania Human Relations Act (PHRA), 43 P.S. § 951 and the Philadelphia Fair Practices Ordinance (PFPO).

## JURISDICTION AND VENUE

3.      The jurisdiction of this Court is invoked, and venue is proper in this district, as Plaintiff's claims are substantively based on Title VII of the Civil Rights Act of 1964, as amended, the Pennsylvania Human Relations Act and the Philadelphia Fair Practices Ordinance.

4.      The Eastern District of Pennsylvania has general jurisdiction over the Defendants, and specific jurisdiction over this matter as the events giving rise to Plaintiff's claims occurred in the Eastern District.

## PARTIES

5.      Karen Levine (hereinafter "Plaintiff") is an adult individual residing in Burlington County, New Jersey.

6.      The School District of Philadelphia (hereinafter "Defendant") is a business, company, entity, partnership, franchise, fictitious name, proprietorship, or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania and operating in the City of Philadelphia, PA.  By naming the School District of Philadelphia, Plaintiff includes all companies, corporations, individuals, or other entities that have ownership or control of Cintas Corporation where Plaintiff worked.

7.      At all times material and relevant to this complaint, Defendant was acting by and through its agents, servants, workers, employees and/or representatives who were acting within the course and scope of their employment and/or agency with said Defendant.  At all times material herein, Defendant is a "person" and "employer" as defined under the Title VII of the Civil Rights Act of 1964, as amended. At all times material herein, the Defendant is an employer as defined by the Pennsylvania Human Relations Act and the Philadelphia Fair Practices Ordinance.

## ADMINISTRATIVE EXHAUSTION

8.      On or around August 26, 2023, Plaintiff timely filed a Charge of Discrimination of race, sex, and retaliation with the US Equal Employment Opportunity Commission (EEOC) and dual-filed with the Pennsylvania Human Relations Commission (PHRC).

9.      The case was investigated by the EEOC.

10.     On November 20, 2023, Plaintiff filed an amended Charge of Discrimination.

11.     On October 28 , 2024, Plaintiff filed an amended Charge of Discrimination.

12.     On February 26, 2025, the EEOC issued a Determination and Notice of Rights.

13.     As such, the administrative remedies for Plaintiff's claim have all been exhausted.


## UNDERLYING FACTS


14.     Plaintiff was hired as as a Special Education Teacher in various capacities and most recently assigned to Lincoln high School.

15.     Plaintiff was 71-years old at the time of the alleged discriminatory acts.

16.     Plaintiff is Jewish and Caucasian.

17.     Plaintiff worked for Jessica Thomas (African American).

18.      In school year 2022-2023  Assistant Principal (AP) and AP Jade McCray (Hispanic) began to harass me to force me to retire early.

19.     They misrepresented facts in both formal and informal observations and skewed the scores to ratings of 1.4 - Needs Improvement.

20.     Principal Jack Nelson, (African American) approved their decisions.

21.     In September 2023, as a result of the misrepresentation of Plaintiff's scores, Plaintiff was placed on a Performance Improvement Plan.

22.     In School Year 2022-2023 another special education teacher, Ms. Artisia Moore-Leach, began to harass me about Plaintiff's age and race.

23.     Ms. Moore-Leach is AP Thomas' cousin.

24.     Despite this conflict, Ms. Moore-Leach was supervised by AP Thomas.

25.    In School Year 2023-2024, AP Thomas placed Plaintiff in a hostile work environment by assigning Ms. Moore-Leach to share Plaintiff's classroom.

26.    There are about 93 classrooms in Lincoln High School, yet AP Thomas determined that her cousin would share Plaintiff's classroom.

27.    Prior to start of the school year, Plaintiff set her classroom up with bulletin boards beautifully decorated and in order.

28.    On August 29, 2023, when Plaintiff entered Plaintiff's room, Ms. Moore-Leach became territorial, claiming Plaintiff's desk as hers, putting her finger in Plaintiff's face and screaming that if Plaintiff moved anything in the room there would be trouble.

29.    She demanded that Plaintiff remove items posted on the walls or she would rip them down.

30.    She began an argument and stormed out.

31.    Upon her return, while Plaintiff was sitting at Plaintiff's desk typing on Plaintiff's computer, she grabbed her desk out from under her and threw it across the room.

32.    She came charging at me with another desk as though she was going to run me over if Plaintiff did not jump up.

33.    Plaintiff immediately filed a report with security as she felt afraid for her safety.

34.    The next day, AP Zachary Minken held a mediation meeting with Ms. Moore-Leach and Plaintiff.

35.    Ms. Linda Raddi, Philadelphia Federation of Teachers building representative, also attended the meeting.

36. Ms. Raddi spoke first and expressed that seniority deems that under the circumstances, Plaintiff should stay in Plaintiff's classroom and Mrs. Moore-Leach should be moved to a different room.

37. Plaintiff explained Ms. Moore-Leach's violent behavior, and the fear that she was experiencing.

38. Ms. Moore-Leach laughed at Plaintiff. Ms. Moore-Leech responded that, "This situation is nothing more than Ms. Levine playing the part of a victim, a poor little White girl when she is really a White Karen. This is nothing more than White Privilege and White Fragility." Then, she pointed her finger at me and said, "You need to retire."

39. Ms. Moore-Leech repeated her statements over and over again and stormed out of the meeting.

40. AP Minken stated "The meeting is over. There will be no room changes. Work it out.". AP Minken minimized Plaintiff's fear and never addressed Mrs. Moore-Leach's racist comments toward me.

41. The next day, AP Minken instructed Mrs. Raddi and me to report to his office. He stated that the administrative team decided that Plaintiff would be forced to move to a different room on the second floor, while Mrs. Moore Leach would remain in the Plaintiff's class room.

42. On or about September 13, 2023, Plaintiff filed an internal discrimination complaint with the Labor Relations Office of Bullying and Harassment stating that Plaintiff was discriminated against due to Plaintiff's race and age; the office of Bullying and Harassment never addressed Plaintiff's complaint.

43.     In April 2024, Respondent subjected Plaintiff to more harassment because of her national origin (Jewish) and religion (Jewish) when it allowed students to tear down the Israel flag from international displays, torment me and other Jewish teachers by allowing an Arab teacher to tell teachers and students that "All Jews must die."

44.     VP Thomas also invited her foster son into the school to model clothing with patches of a swastika and the nazi SS symbol sewn on them and a patch with a banana sewed to the crotch of the clothing among other offensive and bigoted symbols.

45.     On April 25, 2024 Plaintiff complained to Katina Green, Title IX / EEO Investigator, but nothing was done and the harassment continued.

46.     Plaintiff has been discriminated against because of her age, 71, national origin (Jewish), religion (Jewish) and race, Caucasian, in violation of the Age Discrimination in Employment Act of 1967, as amended, and in violation of the Title VII of the Civil Rights Act of 1964, as amended, with respect to harassment and different terms and conditions of employment. Defendant retaliated against for complaining about and opposing discrimination in violation of the Age Discrimination in Employment Act of 1967, as amended, and in violation of Title VII of the Civil Rights Act of 1964, as amended.  Defendant also violated the Pennsylvania Human Relations Act and the Philadelphia Fair Practices Ordinance.

## COUNT ONE
**Violation of Title VII of the Civil Rights Act of 1964, as amended; the Pennsylvania Human Relations Act; and the Philadelphia Fair Practice Ordinance:**
**Race/Age Discrimination**

47.     Plaintiff repeats and re-alleges the allegations set forth in all previous paragraphs of this Complaint as if they were set forth in full herein.

48.    Pursuant to Title VII of the Civil Rights Act of 1964, as amended, Pub. L. 88-352, Plaintiff was protected from discrimination in her employment on the bases of her actual and/or perceived race and sex.

49.    Plaintiff is a 71-year-old, white female.

50.    Plaintiff was performing at a satisfactory level.

51.    Defendant subjected her to unwanted conduct because of her age (71), race, (White), National Origin (Jewish) and religion (Jewish) and ultimately forced Plaintiff into retirement and being constructively discharged.

52.    Assistant Principal Zachary Minken, a high-level manager at the High School, was present at the mediation meeting in which he heard Ms. Moore-Leach's racist and ageist statements and complaints about Ms. Moore-Leach's violent behavior toward Charging Party but failed to take immediate and appropriate corrective action.

53.    He immediately stated that there would be no room changes, subjecting Charging Party to more harassment and emotional distress that day. The very next day, he notified Charging Party Respondent changed its mind and forced the 71-year-old Charging Party to move her classroom to the second floor without any help.

54.    After decorating and preparing her room for the students, Respondent forced Charging Party to remove the educational décor, heavy metal file cabinets, a heavy metal teacher's desk, long worktable, teaching materials, heavy books and personal items, and moved them up to Room 224C an unsecured room with a ¾ wall on the second floor, and rewarded Ms. Moore-Leach's racist and violent behavior by letting her stay.

55.    AP Minkin knew about the racially hostile environment, but refused to act or stop the harassment.

56.    On September 13, 2023, Charging Party submitted a race and age harassment complaint to the Office of Labor and Employee Relations about bullying.

57.    However, it took until December 6, 2023, almost three months for anyone from respond to her complaint.  Respondent took no action to stop the harassment.

58.    Dr. Thomas continued the race and age-based harassment by providing Charging Party an unfair bad observation review of Charging Party.

59.    Ms. Moore-Leach during her floating class was placed in the same classroom with Charging Party so that she could complain and intimidate Charing Party.

60.    The harassment is so bad that Charging Party continued to work in fear until she was forced to retire..

## COUNT TWO

### Retaliation Under Title VII of the Civil Rights Act of 1964, as amended; the Pennsylvania Human Relations Act; and the Philadelphia Fair Practice Ordinance

61.    Plaintiff repeats and re-alleges the allegations set forth in all previous paragraphs of this Complaint as if they were set forth in full herein.

62.    Plaintiff engaged in a protected activity when she (1) complained about Ms. Moore-Leeches agist, racist and violent behavior towards her and (2) and subjected her to a hostile work environment because of her national origin and religion.

63.    Defendant took an adverse action against Plaintiff when it subjected her to more harassment and constructively discharged her.

64.    Defendant's actions or inaction occurred shortly after Plaintiff engaged in her protected activity.

65.     As a direct result of the actions and/or conduct of Defendant, Plaintiff suffered serious

and continuing damages and injuries, including, but not limited to, loss of income, benefits,

damage to her reputation, and emotional pain and suffering.

66.     The actions and conduct of Defendant were willful and malicious and were undertaken

for the purpose of retaliating against the Plaintiff.

67.     Defendant violated Title VII of the Civil Rights Act of 1964, as amended, the

Pennsylvania Human Relations Act (PHRA), and the Philadelphia Fair Practices Ordinance

(PFPO) when it retaliated against Plaintiff because she engaged in a protected activity.

    **WHEREFORE**, Plaintiff respectfully requests backpay, front pay, emotional distress

damages, compensatory damages and punitive damages against Defendant, in excess of $75,000

together with punitive damages, as well as costs, interest and other relief the Court may deem

appropriate under the circumstances.


                         **MALAMUT & ASSOCIATES, LLC**


                         */s/ Mark R. Natale*
                         Mark R. Natale, Esquire
                         *Attorneys for Plaintiff, Karen Levine*

Dated:  May 27, 2025

## <u>VERIFICATION</u>

The facts set forth in the foregoing Civil Action are true and correct to the best of Plaintiff's knowledge, information, and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. section 4904 relating to unsworn falsification to authorities.


_/s/ Mark R. Natale_____
Mark. R. Natale, Esquire

Dated:  May 27, 2025